FILED

MAR - 8 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DISTRICT

| | |
|---|---|
| MARYANNE DENNER | § |
| | § SA05CA0184 XR |
| VS. | § CIVIL ACTION NO. _____ |
| | § JURY TRIAL |
| TEXAS DEPARTMENT OF | § |
| CRIMINAL JUSTICE | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Maryanne Denner, Plaintiff, complains of Defendant Texas Department of Criminal Justice ("TDCJ"), and in support thereof would show:

1. Jurisdiction of this Court for federal questions is invoked under 28 U.S.C. § 1331 and 1343(a)(3). Causes of action are established under 42 U.S. C. Section 2000(e), et seq. (Title VII) as amended by the Civil Rights Act of 1991.

2. Plaintiff has exhausted all employee/departmental grievance procedures. Employee was issued a notice of right to sue on December 10, 2004 (see attached as Exhibit 1) after the EEOC found that evidence obtained during their investigation establishes "a violation of Title II, as it pertains to the issue of sexual harassment and retaliation" (see attached as Exhibit 2).

3. Plaintiff has timely filed this action in this Court.

4. The venue of this action is properly placed in the Western District of Texas because Defendants' unlawful employment practices were committed in this District.

5. Plaintiff is a citizen of the United States and a resident of Texas.

6. Defendant Texas Department of Criminal Justice ("TDCJ") is a state agency which employed more than fifteen (15) regular employees when the acts described below took place. Process should be served on TDCJ by serving Brad Livingston at Spur 59 off Highway North, Huntsville, Texas.

## I. Facts

7. Plaintiff was employed by TDCJ from December 23, 1985 to August 1997 and March 11, 1998 until she was constructively terminated on July 9, 2003. At the time of her constructive termination, she was employed as the Gang Sergeant at the Torres Unit in Hondo, Texas. She had an excellent record of achievement in the agency until she filed an internal sexual harassment complaint against Captain Samuel Samora. On February 15, 2003, the report of sexual harassment was found by the TDCJ Equal Employment Opportunity office ("EEO") to be inconclusive. Captain Samora continued to make sexual remarks, which were reported to both Warden Danny Horton and Warden George Stephenson. Captain Samora was not disciplined.

8. On April 23, 2003, Plaintiff Denner was disciplined by Warden Horton for an altercation with an officer, which never occurred.

9. Plaintiff Denner received three (3) months probation from Warden Horton, although this discipline was later overturned after Plaintiff Denner filed a grievance on June 16, 2003.

10. On June 18, 2003, a second charge was filed against Plaintiff Denner because she allegedly "failed to notify the Deputy Warden that she knew an offender's family and continued a relationship with an offender's family." On June 23, 2003, a disciplinary hearing was held and it was determined that Plaintiff Denner was guilty of the charges and dismissal was recommended.

On July 9, 2003, Plaintiff Denner resigned, rather than be terminated for allegedly violating security regulations. Evidence on record and on file with TDCJ indicate that Plaintiff did make Warden Israel Alvarez aware of this relationship. Plus, other TDCJ employees had been accused of the same violation of policy, and had received either no discipline or much less severe discipline.

11. Defendant TDCJ's actions were as a result of Plaintiff Denner filing an internal complaint of sexual harassment and retaliation.

## II. Plaintiff's Causes of Action Against Defendant TDCJ

### A. Sexually Hostile Work Environment Under Title VII and the Texas Labor Code

12. Plaintiff Denner alleges that Defendant subjected her to a sexually hostile work environment in violation of Title VII, 42 U.S.C. § 2000e-2 and the Texas Labor Code, Chapter 21.

13. Plaintiff is a member of a protected class – female.

14. Plaintiff Denner was subjected to unwelcome verbal conduct of a sexual nature.

15. Plaintiff would not have been subjected to harassment but for her sex, as evidenced by the type of comments and conduct directed to her.

16. The harassment of which Plaintiff complains was severe and pervasive and altered the terms and conditions of her employment and created a hostile and abusive work environment.

17. On more than one occasion, Plaintiff complained of such harassment to her supervisors. She also complained to TDCJ EEO.

18. Defendant knew or should have known about the harassment and failed to takeprompt remedial action.

B. <u>Retaliation Under Title VII and the Texas Labor Code</u>

19. Plaintiff Denner further alleges that Defendant retaliated against her for engaging in protective activity in violation of 42 U.S.C. § 2000e-3(a) and the Texas Labor Code, Chapter 21.

20. Plaintiff Denner opposed a discriminatory practice when she complained to the EEO about the sexual harassment. Plaintiff Denner was placed on three months probation, when was later withdrawn, and ultimately constructively terminated as a result of a second disciplinary report.

### **III. Relief Sought**

21. As a proximate cause of the foregoing, Plaintiff Denner has suffered damages and seeks the following relief from Defendant:

    a. Lost past wages and benefits;

    b. Lost future wages and benefits in lieu of reinstatement of Plaintiff Denner;

    c. Compensatory damages;

    d. Awarding Plaintiff such other relief, legal or equitable, as may be warranted;

    e. Plaintiff further seeks pre- and post-judgment interest, costs of court, attorney's fees and litigation expenses for trial and appeal.

WHEREFORE, the Plaintiff prays the Court that:

1. The Plaintiff recover from the Defendant prejudgment interest and the reasonable costs of attorney's fees incurred in the prosecution of this action.

2.  The costs of this action be taxed against the Defendant.

3.  The Plaintiff recover compensatory and pecuniary damages in an amount to be determined by the jury.

4.  All issues herein be determined by a jury.

5.  The Court grants such other and further relief to which it deems the Plaintiff justly entitled.

        Respectfully submitted,

        THE LAW OFFICE OF LIANA E. GONZALES
        403 Waco Street
        Corpus Christi, Texas 78401
        Telephone: (361) 654-7575
        Telecopier: (361) 654-7577

        By: _____
        Liana Gonzales
        Texas Bar No. 00794393
        Southern District ID No. 19504

        ATTORNEY FOR PLAINTIFF